# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30972
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BUNNIE MORRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CR-239-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Bunnie Morris appeals the 29-month below-guidelines sentence imposed following her guilty plea conviction for bank fraud in violation of 18 U.S.C. § 1344.  Morris challenges the district court's application of a two-level increase for abuse of a position of trust.  *See* U.S.S.G. § 3B1.3.  For the § 3B1.3 increase to apply, the defendant must have occupied a position of trust

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30972

and used the position to conceal or facilitate the crime. *United States v. St. Junius*, 739 F.3d 193, 209 (5th Cir. 2013). Review is for clear error. *United States v. Pruett*, 681 F.3d 232, 248 (5th Cir. 2012).

Waste Auditors, Inc., employed Morris as a financial accountant or bookkeeper from 1998 until 2009. President Irving Pratt hired Morris because she was the wife of his good friend and treated her like "extended family, a trusted confidant, and a key employee." Morris maintained records of corporate spending; she prepared checks for expenses and payroll and obtained the necessary signatures. In 2001, Morris began creating fictitious expenses for different employees and forging their endorsement on the reimbursement checks; forging Pratt's signature on checks she had issued to herself and altering the books to reflect that the checks had been voided; and authorizing pay raises and bonuses for herself. For years, Pratt was concerned about the lack of profitability in spite of steadily improving sales. Pratt and Morris would meet regularly to discuss his financial concerns, and Pratt would identify "an area of expense to investigate." Morris, however, "would come in after hours and on weekends to create a false report hiding her dishonest deeds." Between 2001 and 2009, Morris stole a total of $579,050.32.

Morris contends that the district court erred by finding that she was in a position of trust because such a position requires managerial or professional discretion while her position was merely clerical. However, it was because of her position that she knew how expenses were tracked and knew how to falsify her bookkeeping records. Furthermore, Morris was tasked with investigating her own fraud. The fact that Pratt relied on Morris to investigate expenses in areas of concern and trusted her falsified reports is what allowed her to continue stealing and to conceal her crime for eight years. It is this lack of supervision and her employer's reliance on her investigations that

No. 14-30972

distinguishes her position from one that is merely clerical. *See United States v. Brown*, 7 F.3d 1155, 1161 (5th Cir. 1993) ("[T]he primary trait that distinguishes a person in a position of trust from one who is not is the extent to which the position provides the freedom to commit a difficult-to-detect wrong.") (internal quotation marks and citation omitted). Morris has failed to show that the district court clearly erred when it assessed a two-level increase to her offense level under § 3B1.3 for abuse of a position of trust.

Accordingly, the judgment of the district court is AFFIRMED.